*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 22-FS-0647

IN RE PETITION OF K.D.W., APPELLANT.

Appeal from the Superior Court of the
District of Columbia
(2022-ADASLD-000086)

(Hon. Andrea L. Hertzfeld, Trial Judge)

(Submitted January 24, 2023                    Decided February 15, 2024)

*Ronald A. Colbert* was on the brief for appellant.

Before BLACKBURNE-RIGSBY[*], *Chief Judge*, HOWARD, *Associate Judge*, and FISHER, *Senior Judge*.

HOWARD, *Associate Judge*: This appeal comes to us from the D.C. Superior Court's Family Division. Appellant K.D.W. appeals from the trial court's order denying her adoption petition without prejudice. K.D.W. argues that the trial court abused its discretion through an improper application of the requirement that a petitioner seeking adoption have custody of the adoptee for six months before an

---

[*]Associate Judge AliKhan was originally assigned to this case. Following her appointment to the U.S. District Court for the District of Columbia, effective December 12, 2023, Chief Judge Blackburne-Rigsby has been assigned to take her place on the panel.

adoption becomes final. *See* D.C. Code § 16-309(c)(1). We agree and further hold that individuals granted custodial rights over a child must be served with an adoption petition concerning the child. Consequently, we vacate the decision of the trial court, remand for further proceedings, and hold that K.D.W. is required to serve all appropriate parties.

## I. Background

A.D.W. is a child born in April 2022. A.D.W.'s biological mother, A.W., passed away in early June 2022. The identity of A.D.W.'s biological father is unclear.

Following A.W.'s death, there were three trial court proceedings regarding A.D.W.: first, a third-party custody case docketed as 2022-DRB-1810; second, another third-party custody case docketed as 2022-DRB-1831; and, third, an adoption petition docketed as 2022-ADASLD-0086. The custody cases were assigned to the Honorable Rupa Ranga Puttagunta and the adoption matter was assigned to the Honorable Andrea L. Hertzfeld.

The cases, in relevant part, proceeded as follows: On June 10, 2022, three days after A.W.'s death, M.J.W. and A.R.A.C.W. (the "Ws")[1] filed an emergency petition

---

[1] The trial court, in the third-party custody case, found that the Ws, who are not biologically related to the child, are A.D.W.'s godparents, although K.D.W. disputes this finding.

in the trial court, seeking custody of A.D.W. (the "custody case"). On June 13, 2022, the court awarded the Ws temporary sole legal and physical custody of A.D.W.

On or about June 13, 2022, K.W.S., A.W.'s aunt, sought custody of A.D.W. by filing a pro se complaint for custody, docketed as 2022-DRB-1831. The trial court construed her complaint as a motion to intervene in the existing custody case and consolidated the cases. On June 27, 2022, an attorney entered an appearance on behalf of K.W.S.

On June 28, 2022, K.D.W., A.D.W.'s cousin and K.W.S.'s niece, filed a petition to adopt A.D.W., docketed as 2022-ADASLD-0086. K.D.W. and her aunt were represented by the same counsel. K.D.W.'s adoption petition, which was not consolidated with the custody case, is the subject of the instant appeal.

On June 29, 2022, K.W.S. withdrew her motion to intervene in the custody case and her counsel filed a notice of appearance on behalf of K.D.W. in the custody case. K.D.W. then filed a motion to intervene in the custody case. The Ws challenged K.D.W.'s standing to intervene.

On July 27, 2022, with K.D.W.'s motion to intervene in the custody case pending, the trial court denied K.D.W.'s adoption petition without prejudice. In so ruling, the court explained,

> [a]ccording to the [p]etition, petitioner K.D.W. does not live with the prospective adoptee, as required by D.C. Code § 16-309(c)(1). The minor child is the subject of a custody case in 2022 DRB 1810, wherein Judge Ranga

> granted [the Ws] temporary custody over the minor child on June 10, 2022. Accordingly, the child resides with [the Ws]. Because the 6-month requirement is not met, [the adoption petition is denied without prejudice].

On August 10, 2022, K.D.W. filed a notice of appeal to this court seeking review of the trial court's denial of her adoption petition. Despite knowledge of the custody matters, K.D.W. declined to serve any parties on appeal—including the Ws, who had custody of A.D.W. and who had been served by the trial court with the appealed dismissal order—explaining that "I cannot serve anyone in this matter as the [m]other is deceased and the father is unknown." However, in the Rule 28(2)(A) disclosures filed with this court, K.D.W. named all parties in the related custody proceeding, including the Ws and their counsel.

While the adoption appeal was pending, on October 25, 2022, the trial court held a status conference in the custody case on the issue of whether K.D.W. had standing to seek intervention. At the status conference, K.D.W. conceded that she did not have standing. The trial court then issued an oral ruling denying K.D.W.'s motion to intervene. That ruling was followed, on December 2, 2022, by the Third-Party Permanent Custody Order, which memorialized the ruling and awarded the Ws permanent sole legal and physical custody of A.D.W.

## II.    Discussion

When reviewing an adoption proceeding, "we review for abuse of discretion, errors of law, and clear lack of evidentiary support." *In re D.R.M.*, 198 A.3d 756, 762 (D.C. 2018) (internal quotation marks and citation omitted). "Legal questions are reviewed *de novo*, but findings of fact are reviewed for clear error." *In re J.O.*, 176 A.3d 144, 153 (D.C. 2018) (citing D.C. Code § 17-305(a)).

As an initial matter, this case appears to implicate the "One Family, One Judge" provision of the D.C. Family Court Act of 2001. *See* D.C. Code § 11-1104(a)-(b); Super. Ct. Fam. R. A(b). This issue was neither raised nor briefed; we therefore decline to reach it at this time. Nonetheless, we conclude that the trial court committed an error of law in denying K.D.W.'s adoption petition without prejudice because its ruling was based on an erroneous interpretation of D.C. Code § 16-309(c)(1). We further conclude that the Ws, who hold sole legal and physical custody rights over A.D.W., should have been served with the adoption petition and in this appeal as an interested party.

### A. Custody is not a prerequisite to filing an adoption petition.

A reading of the plain language the trial court used shows that the trial court understood the six-month custody requirement of D.C. Code § 16-309(c) "as a prerequisite to filing a petition to adopt." Such an understanding is legal error. The trial court may have believed that with an active custody case in front of another

judge, it had no authority to issue an interlocutory order of adoption. This position appears further possible because the trial court dismissed without prejudice. However, the language used by the trial court does not fully convey that position.

To be sure, the trial court cannot *grant* an adoption petition until the child has been in a petitioner's custody for six months. *See id.* ("[A] final decree of adoption may not be entered unless the prospective adoptee has been living with the petitioner for at least 6 months."). Such a requirement does not mean that the statute deprives an adoption petitioner of standing to *file* an adoption petition prior to achieving custody. Indeed, D.C. Code § 16-302 provides that "[a]ny person may petition the court for a decree of adoption[,]" with no specification about length of custody. Further, D.C. Code § 16-309(d) provides for an interlocutory order of adoption, which is an avenue for a petitioner to gain custody of a child during an adoption proceeding to meet the six-month requirement later.

In the analogous situation of competing adoption petitions, this court has acknowledged that the trial court can entertain adoption petitions from parties who do not have custody of the child. *See, e.g.*, *In re J.B.S.*, 237 A.3d 131, 136 (D.C. 2020) (considering two competing adoption petitions when the child resided in the home of only one of the petitioners); *In re A.T.A.*, 910 A.2d 293, 294 (D.C. 2006) (considering competing adoption petitions when the children resided in the home of one petitioner and were placed with her as a pre-adoption placement); *In re Ta.L.*,

149 A.3d 1060, 1068 (D.C. 2016) (en banc) (similar). We acknowledge that, unlike the case here, the cited cases involved competing petitions before the same judge; however, the point that custody is not a prerequisite to filing an adoption petition remains. Accordingly, the trial court committed an error of law in denying K.D.W.'s adoption petition on the basis that she failed to meet the six-month requirement of D.C. Code § 16-309(c)(1) at the time of her initial filing.

**B. The Ws, as custodians, must be served with the adoption petition.**

On review of the record, it appears that K.D.W. did not seek to involve the Ws by serving them either at the trial court proceeding or on appeal, despite knowledge of the Ws and their relation to A.D.W. While we find it logical and plain that persons with custodial rights to a child are interested parties and should be served with notice of an adoption case affecting that child and any relevant appeal, we have not yet said as much explicitly. We have, however, gone so far as to hold that even a putative parent—defined as "a person who claims to be or is identified as a possible parent but whose parentage has not been established[,]" Super. Ct. Adopt. R. 2(7)—is entitled to such service and opportunity to participate in cases affecting their potential relationship with the child. *See In re T.M.,* 665 A.2d 207, 210 (D.C. 1995) (recognizing that a putative parent has an opportunity interest in claiming parental obligations). The animating principle behind this holding is that, much like a required party under Super. Ct. Civ. R. 19, individuals who have certain

parental rights or who may have a legally cognizable interest in a child are necessary parties for service of an adoption petition involving the child.

This understanding is reflected in the D.C. Code, our case law, and the D.C. Superior Court Rules implementing both. D.C. Code § 16-306 requires that, unless a party formally gives consent to the proposed adoption, "due notice of pending adoption proceedings shall be given to each person whose consent is necessary thereto, immediately upon the filing of a petition." D.C. Code § 16-304 requires that, unless a relinquishment of parental rights is recorded and filed, consent to a proposed adoption of a child must be given in writing by: both parents, if alive; the living parent, if one is deceased; the court-appointed guardian of the prospective adoptee; or a licensed child-placing agency or the Mayor, as appropriate. A requirement to serve notice to putative parents was recognized, as cited above, by this court in *In re T.M.*, 665 A.2d at 210, and other cases.[2] The D.C. Superior Court Adoption Rules reflect the same and identify putative parents explicitly. *See* Super. Ct. Adopt. R. 4(c)(1) ("Copies of the notice of adoption proceeding and initial court order, redacted in accordance with Rule 4.1, must be served on: (A) each party; (B) any person whose consent is required, unless the person has executed a written

---

[2] *See In re M.N.M.*, 605 A.2d 921, 922 (D.C. 1992) (holding notice of an adoption proceeding should have been provided to a putative father in St. Louis, Missouri); *Appeal of H.R.*, 581 A.2d 1141, 1165-72 (D.C. 1990) (discussing notice requirements and rights of a putative father in Zaire, holding notice of the adoption proceeding should have been provided).

consent or relinquishment of parental rights or the person's parental rights have been terminated; and (C) any putative parent."); Super. Ct. Adopt. R. 2(7) (defining putative parent); and Super. Ct. Adopt. R. 4(c)(2)(B) ("When the identity of a person to be served is known to the petitioner, the petitioner is responsible for serving that person.").

Status as a putative parent does not mean the person will ultimately prevail, but the service rule requires that any person alleged to be a parent or who believes that he or she has a right to be adjudicated as a parent, must be served. Similarly, while custodians are not listed as parties who must give consent, we recognize that custodians are entitled to notice and the opportunity to participate in an adoption case concerning the child in custody.

The Ws were granted temporary sole legal and physical custody of A.D.W. on June 13, 2022, and those rights were made permanent on December 2, 2022. The Ws continuously maintained sole legal and physical custody rights throughout every step of the instant adoption petition and appeal. Although being a custodian is not the same thing as being a parent, legal and physical custody are fundamental components of parental rights. *See* D.C. Code § 16-914(a)(1)(B)(i-ii) ("'Legal custody' means legal responsibility for a child. The term 'legal custody' includes the right to make decisions regarding that child's health, education, and general welfare, the right to access the child's educational, medical, psychological, dental,

or other records, and the right to speak with and obtain information regarding the child from school officials, health care providers, counselors, or other persons interacting with the child. 'Physical custody' means a child's living arrangements. The term 'physical custody' includes a child's residency or visitation schedule."). As a result, the Ws gained a legal relationship with A.D.W. giving them a cognizable interest that is affected by another party seeking to adopt the child.

If that were not enough, since at least 1968 we have affirmed the presence in the District's law of the common law doctrine of "*in loco parentis*," which refers to persons "who ha[ve] put [themselves] in the situation of a lawful parent by assuming the obligations incident to the parental relation without going through the formalities necessary to legal adoption . . . [i]t embodies the two ideas of assuming the parental status and discharging the parental duties." *Simms v. United States*, 867 A.2d 200, 205 (D.C. 2005) (quoting *Fuller v. Fuller*, 247 A.2d 767, 770 (D.C. 1968)). Upon the basis of the sole legal and physical custody orders of the trial court, which were and remained in effect from the outset of this adoption through the appeal, the Ws stand *in loco parentis* to A.D.W.

However, legal and physical custody fall short of the complete parental responsibility assumed by adoption. Consequently, we do not conclude that a custodian steps fully into the shoes of a parent for purposes of the D.C. Code's

adoption procedures. Nonetheless, we do conclude that K.D.W. cannot maintain an adoption petition without providing proper notice to the Ws.

### III.   Conclusion

The trial court's decision denying K.D.W.'s adoption petition without prejudice is vacated and this case is remanded for further proceedings. On remand, K.D.W. is required to serve all interested parties,[3] including the Ws, with all filings in the adoption case.

*So ordered.*

---

[3] *See* D.C. Code § 16-306; Super. Ct. Adopt. R. 4.